WARREN-BRADSHAW EXPLORATION
CO., Appellant,

v.

Jim TRIPPLEHORN, Appellee.

No. 15003.

United States Court of Appeals,
Fifth Circuit.

March 31, 1955.

Rehearing Denied April 30, 1955.

W. M. Sutton, Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Tex., for appellant.

Arthur M. Teed, Smith, Teed, Wade & Waters, Pampa, Tex., for appellee.

Before HOLMES and TUTTLE, Circuit Judges, and ALLRED, District Judge.

HOLMES, Circuit Judge.

This action was brought by the appellee to recover damages upon a contract for the drilling of an oil and gas well. Trial was had before the court below without a jury, and judgment was entered for the appellee. Under the terms of the contract, the appellee, a drilling contractor, was to drill an oil and gas well for the appellant.

Prior to the time that the total depth of 2,390 feet was reached in said well, the appellant, in order to fulfill the terms of the contract, delivered a supply of casing, or pipe, at the site of the well to be used by appellee. The appellee examined the casing, and pointed out to a representative of appellant that it was defective. When all but 250 feet of the casing for the well had been lowered into the hole, the casing broke some 1000 feet below the surface of the ground. Appellee attempted to retrieve the lower segment of said broken pipe, but was unsuccessful.

The court below found that the appellee had not been negligent in the performance of his work, and that said casing had broken because of its defective condition. It also found that, by the failure of appellant to replace the defective pipe, and by suggesting that the drilling proceed with the casing furnished, the latter waived the provision of the contract that placed the obligation on the appellee to assume responsibility for any defect in said casing; that the appellant thereby assumed all risk in connection with the running of such defective casing; and that it was estopped from claiming otherwise.

The construction of Section 5 of the contract and the conduct of the parties in relation thereto control the rights of the parties. The contract provided that the contractor should examine the casing and other material furnished by the operator, and before using the same the former should point out any defect that might be found therein; that the operator should immediately replace any such defective material; and that, by using any material furnished by the

operator, the contractor should be deemed to have accepted the same and should thereupon assume all risk and responsibility for any defect or fault therein.

The evidence shows that the casing was defective and unfit for use; that appellee examined the casing and pointed out to the operator's representative that the same was defective, in that it was pitted with rust and was badly scored on the inside; and that the operator failed to replace the casing. The evidence further shows that, when it became time to place the casing into the well, the appellee called one Parmer, the division superintendent of the appellant's company, and informed him that the casing was defective and unfit to use in the well; that Parmer told him to wait until the arrival of one Huff, a district foreman of the company, who was being sent to the well site to run the casing into the well; that when Huff arrived on the scene the appellee pointed out to him the defects in the casing; and that Huff discarded some of the casing without attempting to use the same in the well, but gave the word for the remaining casing to be lowered into the well. The appellant did not replace any of the defective casing and, with its representative present, authorized and directed the running of the casing into the well.

We agree with the district court that the appellant waived the benefit and enforcement of the provision in the contract, which provided that, by using any material furnished by the operator, the contractor should be deemed to have accepted the same and should thereupon assume all risks and responsibility for any defect or fault therein. Appellant, by its failure to replace the pipe after the appellee had pointed out that the same was defective and unfit to use, and by ordering the defective pipe to be put into the well, assumed all risk and responsibility in connection with any defects in the pipe, and is estopped to take advantage of the provision in the last sentence of said Section 5 of the contract. The findings and conclusions of the court below are clearly correct, and the judgment appealed from should be affirmed.

Affirmed.